HORACE M. JENKINS, plaintiff in error, *vs.* J. C. GRIMES *et al.*, defendants in equity.

Pending an action for divorce, by Mrs. Grimes against her husband, she filed a bill against him, praying that certain property therein mentioned should be placed in the hands of a Receiver, to be appointed by the Court, which was done. Jenkins, a note-creditor of the husband, filed his bill against Mrs. Grimes, praying an injunction against the Receiver appointed by the Court, to restrain him from disposing of the property, and that his debt might be paid out of it. The Court refused the injunction. A motion was then made to make Jenkins, the note-creditor, a party to the bill filed by Mrs. Grimes against her husband, which motion was overruled by the Court, and Jenkins excepted :

*Held*, That there was no error in the Court in refusing the injunction prayed for, or in refusing to allow Jenkins to be made a party to Mrs. Grimes' bill against her husband, on the statement of facts disclosed .by the record.

Jenkins *vs.* Grimes *et al.*

Equity. Alimony. Parties. Before Judge HARRELL. Stewart Superior Court. April Term, 1871.

Jenkins made this case: In 1865, R. C. Grimes married Miss Bryan, and they, for several years, resided near said Jenkins. During all this time, Grimes had about him, property worth, say $1,800 00, which he controlled and appeared to own. During 1868, 1869, and the early part of 1870, Jenkins loaned money and sold property to Grimes, upon the faith that he was really owner of said property, and took his notes from time to time for payment, without security. These notes were not paid and are still due to Jenkins. Afterwards, in July, 1870, Grimes' wife quit him and sued him for divorce *a vinculo matrimonii*, upon the grounds of cruel treatment and habitual intoxication. This action is pending. She also filed a bill against Grimes, in aid of said libel for divorce, praying that he be enjoined from disposing of said property, and that a Receiver take charge of it. James Bryan was appointed Receiver, and as such, took possession of said property, and holds it subject to the order of Court. Grimes has no other property out of which to pay Jenkins. He feared that Grimes and his wife might, by some settlement, or the jury by some decree, so fix said property that Jenkins can get none of it to pay his notes. He prayed to be allowed to establish his claims, that the wife and Receiver be restrained from making any disposition of said property prejudicial to him, and for general relief. Part of the property mentioned in the schedule to the libel and in this bill, is forty-seven shares of railroad stock.

The Chancellor ordered the wife and Receiver to show cause why the injunction as prayed for should not issue. They answered, averring that the Receiver was not authorized to take, and did not take any of the property, except the railroad stock, that it was given to the wife by her father's will, and that they believed said notes were given collusively by Grimes to defeat the recovery of permanent alimony, and

were not *bona fide* debts, giving at large their reasons for this belief. Further, they said Grimes' other property, not held by the Receiver, was sufficient to pay Jenkins' debts if *bona fide.* Upon hearing these answers, the Chancellor refused the injnction.

Jenkins then prayed to be made a party to the bill of said wife against Grimes, for the reasons stated in said bill, that the validity and amount of his claims might be ascertained by the Court; that the Receiver be restrained from disposing of said stock until further order, except by giving the wife the dividends as temporary alimony; and that the divorce suit and bill for alimony be allowed to proceed. The Chancellor refused to allow him to be made a party to said bill. The refusal of injunction and to allow Jenkins to become a party to Mrs. Grimes' bill, are assigned as error.

M. J. CRAWFORD; H. FIELDER, for plaintiff in error.

No appearance for defendant.

WARNER, Judge.

From the facts disclosed by the record, there was no error in the judgment of the Court below in refusing the injunction, or in refusing to allow Jenkins to be made a party to Mrs. Grimes' bill against her husband.

Let the judgment of the Court below be affirmed.